UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| EDWARD W. CRANDALL | ) | |
| | ) | |
|    *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-33 |
| | ) | *Judge Phillips* |
| | ) | |
| STATE OF TENNESSEE | ) | |
| | ) | |
|    *Respondent*. | ) | |

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Edward W. Crandall ("petitioner"). Petitioner is in the custody of the Tennessee Department of Correction and incarcerated in the Morgan County Correctional Complex. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee. Petitioner has not filed a response to the motion to dismiss and the court deems petitioner to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 5] will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE**.

At the time he filed his petition on January 23, 2012, petitioner was confined in the Loudon County Jail. He alleged that he was sentenced on October 31, 2011, in the Criminal Court for Loudon County, Tennessee, on various sex offenses. The petition indicated that petitioner appealed from the judgment of conviction but had not had a hearing. The Court noted that it also appeared that petitioner filed a motion for new trial, but it was not clear whether that motion had been ruled upon. In addition, although petitioner alleges, inter alia, various claims of ineffective assistance of counsel, it appeared that he had not filed a petition for post-conviction relief in the state courts. Accordingly, the Attorney General was told to specifically address whether petitioner had exhausted his available state court remedies.

The Attorney General moves to dismiss the petition because petitioner's claims remain pending in the state court system. According to the Attorney General, petitioner was convicted on September 20, 2011, and sentenced on October 31, 2011. After litigating a motion for new trial, petitioner filed a notice of appeal on February 8, 2012, which remained pending at the time the motion to dismiss was filed. A copy of the Court of Criminal Appeals Docket Sheet is attached as Exhibit A to the motion to dismiss and it supports the statements of the Attorney General. As the Attorney General notes, after the conclusion of the direct appeal, petitioner will have one year to file a state post-conviction petition in which he may raise his claims of ineffective assistance of counsel.

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971).

Based upon the foregoing, the motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
United States District Judge